IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| DARRELL F. GIST, | ) | Civil Action No. 4:13-00159-TLW |
| | ) | Criminal No. 4:02-207-TLW |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Darrell F. Gist. ("Petitioner" or "Defendant"). On March 27, 2002, a federal grand jury returned a four count Indictment charging Petitioner with carjacking and firearms offenses. (Doc. # 2). On January 9, 2003, Petitioner entered a guilty plea to Counts 2 and 4 of the Indictment, both charging Use of a Firearm in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c). (Docs. # 46, # 49 and # 51). On October 29, 2003, a sentencing hearing was held in which Petitioner was sentenced to a term of imprisonment of 7 years as to Count 2 consecutive to 25 years as to Count 4 for a total aggregate sentence of 32 years imprisonment. (Doc. # 58). Judgment was entered on November 3, 2003. (Doc. # 59). Petitioner did not pursue a direct appeal.

On January 15, 2013, over 9 years after his judgment became final, Petitioner filed the present action, alleging claims of government breach of the plea agreement in his case, as well as claims of ineffective assistance of counsel. (Doc. # 91). On January 24, 2013, the Government filed its response and moved for summary judgment. (Docs. # 96 and # 97). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed

February 7, 2013 that he had thirty-four (34) days to file material in opposition to the Government's motion. (Doc. # 100). Petitioner filed a timely response. (Doc. # 102). The matter is now ripe for decision.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the Court that imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error, and that '"[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" 334 Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. §

2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

The Government has moved for summary judgment as to all claims for relief raised by Petitioner. In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 323. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

# **DISCUSSION**

Petitioner advances several claims based on allegations both that the Government breached the plea agreement in his case and that his attorney was ineffective during the plea negotiation and plea hearing stages of his case. (Doc. # 91). The Government, in turn, counters that Petitioner's application is properly dismissed as time-barred. (Doc. # 96).

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year period of limitation within which a petitioner must bring any federal habeas corpus petition. 28 U.S.C. § 2255. According to the statute, the limitation period shall run to the last of:

1. The date on which the judgment of conviction becomes final;
2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
4. The date on which facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f) (1)-(4).

Where there is no direct appeal, the judgment of conviction becomes final when the fourteen day notice of appeal period expires. See Sherill v. United States, 2006 WL 462092 *1 (W.D.N.C. Feb. 23, 2006); see also Fed. R. App. P. 4(b)(1)(A) (effective December 1, 2009, criminal defendants now have fourteen (14) days to notice an appeal).

Here Petitioner sought no direct appeal. His conviction therefore became final in or about late November 2003, and his one year limitation period to file under § 2255 expired approximately one year later, in or about late November 2004. As noted, Petitioner did not file this present action until January 15, 2013. (Doc. # 91). That is over 8 years after expiration of the presumptive limitation period.

In his filing, Petitioner appears to argue that the recent United States Supreme Court decision in Lafler v. Cooper, 132 S.Ct. 1376 (2012), operates to excuse the lateness of his application. (Doc. # 91). However, Petitioner's argument is unavailing. A litigant in Petitioner's position may timely file a § 2255 motion to vacate within one (1) year of a United States Supreme Court decision that recognizes a new right and makes it retroactively applicable to cases on collateral review. 28 U.S.C. § 2255 (f)(3). However, the Supreme Court has not held that Lafler established a new right that is retroactive to cases on collateral review. See In re King, 697 F.3d 1189, 1189 (5th Cir. 2012); Hare v. United States, 688 F.3d 878, 878-80 (7th Cir. 2012); Buenrostro v. United States, 697 F.3d 1137, 1140 (9th Cir. 2012); In re Perez, 682 F.3d 930, 932-34 (11th Cir. 2012). Moreover, Lafler holds that the Sixth Amendment right to counsel is violated where, as a result of constitutionally deficient legal advice, a defendant rejects a plea bargain then goes on to receive a sentence that is greater than the sentence that he would have received under the plea. 132 S.Ct. at 1383, 1390-91. Quite apart from and in addition to its non-retroactivity, the rule announced in Lafler would not appear even to be applicable to the scenario presented by Petitioner's case; that is, the much more common scenario where a defendant elects to plead guilty rather than go to trial. See, e.g., Mendez-Valdez v. United States, 2013 WL 609768 (W.D.N.C. 2013).

Although the Fourth Circuit does recognize a doctrine of equitable tolling of the statute of limitations governing § 2255 petitions that may apply in limited situations, Petitioner has cited no grounds capable of justifying an equitable tolling in this case. The Court therefore concludes that the presumptive one-year statute of limitations governing § 2255 petitions should apply to and does bar this action.

## **CONCLUSION**

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED** (Doc. # 91) and the Government's motion for summary judgment is **GRANTED**. (Doc. # 97).

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

March 28, 2013                                              s/Terry L. Wooten
Florence, South Carolina                      United States District Judge